## BERTHA S. M. OERTEL v. J. HOMER PIERCE.[1]

November 18, 1910.

Nos. 16,724—(94).

**New trial — evidence did not require reversal of order.**

> The controversy being whether the summons in an action to recover the amount of deficiency claimed to be due on a foreclosure mortgage sale was personally served, and whether the plaintiff was entitled to an accounting for moneys alleged to have been received by defendant after the service of such summons, *held*, the evidence to the effect that the summons had been served, and that the defendant was not indebted to the plaintiff, was not so manifestly and palpably in favor of the findings as to require a reversal of an order of the trial court granting a new trial.

Action in the district court for Ramsey county to have a certain judgment set aside and perpetually enjoined; to have the sale of the "Omaha hotel" made under execution issued under the judgment declared void and set aside, and for an accounting. The case was tried before Olin B. Lewis, J., who made findings of fact as stated in the opinion, and ordered judgment in favor of defendant. From an order granting plaintiff's motion to vacate the decision and for a new trial, defendant appealed. Affirmed.

*Stringer & Seymour,* for appellant.

*James A. Kellogg* and *Morphy, Ewing & Bradford,* for respondent.

LEWIS, J.

On June 20, 1889, plaintiff executed to defendant, as trustee, a mortgage upon certain property in the city of St. Paul. This mortgage was foreclosed, and bid in at the sale by defendant, on April 5, 1895, for $299.88 less than the actual amount due. January 2, 1890, plaintiff and her husband executed a second mortgage on the

[1]Reported in 128 N. W. 671.

same property to one Weide for $1,212.34, which mortgage was assigned to George C. Power on April 24, 1890. August 4, 1896, a judgment was entered in the district court of Ramsey county in favor of defendant and against the plaintiff and her husband for the sum of $341.22. That action was for the purpose of recovering the amount of the deficiency at the mortgage foreclosure sale, and according to the findings the summons in that action was served on plaintiff April 1, 1895. On April 4, 1896, the defendant entered into a written contract with George C. Power, the assignee of the second mortgage, whereby Mr. Power had the option to purchase the property covered by the mortgage from defendant at any time within three years for the consideration of $2,422.89. At the execution of that contract Mr. Power paid defendant, as a part of the consideration, the sum of $422.89. Thereafter, and on or about the same day, Mr. Power entered into an agreement with the plaintiff by which plaintiff secured an option to purchase the same property from Mr. Power for the total consideration of $3,822.90, upon which agreement $422.89 was paid by plaintiff.

On or about April 5, 1896, in order to facilitate the performance of the two contracts, it was orally agreed between plaintiff and Mr. Power, with the knowledge and consent of defendant's agent, that the profits arising from a certain building known as the Omaha Hotel, not included in the mortgages, should be collected by defendant, who, after paying the taxes, ground rent, and charges of preservation and care, should apply the balance on the two contracts. Defendant remained in possession of the premises after the expiration of the statutory period for redemption under the foreclosure sale, collected the rents from the Omaha Hotel after April 5, 1896, paid the ground rent and expenses for the care of the building, and applied the balance upon the contract between himself and Mr. Power, and he gave plaintiff corresponding credit upon her contract with him, but neither of such contracts has been fully carried out. The plaintiff left the state of Minnesota in the fall of 1896 and became a resident of New York. The hotel yielded but little income, if any, above the expenses of maintenance, and on May 14, 1902, defendant caused an execution to issue on the judgment

against plaintiff, and the hotel was sold to defendant for $100, and no redemption from such sale was made, although the time had expired before commencement of this action.

The present action was brought by plaintiff for the purpose of setting aside the deficiency judgment, upon the ground that no service of the summons was ever made upon her, and to require defendant to account for the rents and profits received by him from the hotel property. The court found that the summons was served upon plaintiff personally on April 1, 1896, and found the other facts substantially as above set forth, and ordered judgment for defendant. Thereupon plaintiff moved for a new trial, upon the ground that the decision was not justified by the evidence and was contrary to law. The court granted the motion for a new trial upon the ground that the decision was not supported by the evidence. Appeal was taken to this court upon the question whether the evidence was so manifestly in favor of defendant that the trial court erred in granting a new trial.

As we construe the pleadings, there were two principal questions at issue, viz.: Whether the summons was served, and, if so, what was the effect of the execution of the contracts and payment of the $422.89 thereafter? Plaintiff testified positively that no summons was served upon her in the action to recover the deficiency. She was corroborated in this by two other parties. On the other hand, the sheriff's return showed that the summons had been served upon her personally on April 1, 1896. The officer who made the service was unable to recall the occurrence, or to testify to the fact, except as it appeared from the return. Conceding the summons was served on April 1, the two contracts mentioned were executed immediately thereafter, and $422.89 paid by plaintiff. The arrangement between plaintiff and Mr. Power was with the full knowledge and consent of defendant, by which arrangement the plaintiff paid $422.-89 to Mr. Power, who in turn paid it to defendant. When the deficiency judgment was entered later, it included a part, at least, of the $422.89, which plaintiff had paid, and this raises the question whether the service of the summons was superseded by the contracts.

If so, the plaintiff would be entitled to an accounting for a part of the money, at least, which was included in the judgment.

We are of opinion that no error was committed in granting a new trial.

Affirmed.